VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 22-ENV-00055



| 34 Look Road, LLC Permit |
| --- |

## ENTRY ORDER

Title:          Motion for Summary Judgment (Motion: 4)

Filer:          Zachary Hozid, Esq., James Valente, Esq.

Filed Date:     October 22, 2022

Applicant's Memorandum in Opposition, filed on October 13, 2023, by Attorneys Christopher Boyle and David Grayck.

**The motion is DENIED.**

This is an appeal of a decision of the Town of Wilmington Development Review Board (DRB) approving, with conditions, an application by 34 Look Road, LLC and Yisroel Teitlebaum (together, Applicant) to use property located at 34 Look Road, Wilmington, Vermont (the Property) for "lodging," as that term is defined by the Town of Wilmington Zoning Ordinance (the Ordinance).  Applicant and abutting property owners Jennifer Nilsen and Eric Potter (together, Neighbors) have cross-appealed the decision.  Presently before the Court is Neighbors' motion for summary judgment.

### Discussion

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a); V.R.E.C.P. 5.  The nonmoving party "receives the benefit of all reasonable doubts and inferences."  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.  For the purposes of the motion, the Court "will accept as true all allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material."  Id.  In responding to a statement of undisputed material facts, the

nonmoving party may present evidence demonstrating a genuine dispute, establish that the evidence does not demonstrate the absence of a genuine dispute, or argue that the evidence supporting the moving party's assertion is inadmissible. V.R.C.P. 56(c)(2). The evidence, on either side, must be admissible. See V.R.C.P. 56(c)(2), (4); Gross v. Turner, 2018 VT 80, ¶ 8, 208 Vt. 112.

In a September 29, 2023 Entry Order denying Applicant's motion to strike an Affidavit of Debbie Perkins and letter from Ms. Perkins to Ms. Nilsen (the Perkins Exhibits) provided by Neighbors in support of their pending motion the Court concluded that the Perkins Exhibits were inadmissible at that time. See In re 34 Look Rd., LLC, No. 22-ENV-00055, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sept. 29, 2023) (Walsh, J.). The Court reached this conclusion "because the probative value of the exhibits is 'substantially outweighed by the danger of unfair prejudice' because Applicant has been unable to depose Ms. Perkins despite efforts to do so." Id. (citing V.R.E. 403).

Since the Court's September Entry Order, Applicant has responded to the pending motion and no party has informed the Court that it has been able to depose Ms. Perkins. Thus, the Court's conclusion as set forth in the September Entry Order must stand: the Perkins Exhibits are inadmissible at this time. Thus, absent this support for Neighbors' Statement of Undisputed Material Facts, the motion must be **DENIED** as it fails to demonstrate that the material facts are not in dispute.[1]

### Conclusion

For the foregoing reasons, the motion is **DENIED**. The Court will set this matter for a status conference to discuss scheduling this matter for a merits hearing.

Electronically signed October 31, 2023 in Burlington, Vermont pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[1] In reaching this conclusion, we note that the issue of whether the Property's use for lodging purposes and/or as an inn has been discontinued for a period of 12 or more months remains before the Court. See Neighbors Amended Statement of Questions (filed on Nov. 21, 2022).